UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                     CRIMINAL ACTION

VERSUS                                        NO. 14-059

MALCOLM BOLDEN                                SECTION "N" (3)

## ORDER AND REASONS

Considering the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Rec. Doc. 437), filed by defendant-petitioner, Malcolm Bolden;

**IT IS ORDERED** that the Motion is **DENIED** for the reasons fully set forth in the government's memorandum in opposition to the Motion. (*See* Rec. Doc. 488). Specifically, the Court finds that Bolden knowingly, intelligently, and voluntarily entered into a plea agreement that included, under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, a stipulated sentence of 300 months imprisonment.

In addition, Bolden has failed to show that his counsel's assistance was ineffective. To prevail on such a claim, a petitioner must demonstrate that (1) his counsel's performance was deficient, and (2) his counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To be considered deficient, counsel's performance must fall below the standard of "reasonably effective assistance." *Id.* Furthermore, that deficiency must create "a reasonable probability that . . . the result of the proceeding would have been different." *Id.*

In this case, neither requirement has been met. In fact, with his client facing the possibility of a life sentence, counsel successfully negotiated a sentence of 300 months – a term of imprisonment that Bolden, under oath, agreed was appropriate. And, even assuming *arguendo* a deficiency, Bolden has not shown that his counsel's assistance (*i.e.*, decisions not to object to the

PSR, not to subpoena or consider certain records, and not to raise autopsy results)[1] resulted in any prejudice, let alone prejudice to the degree that would cause this Court to question the outcome of the plea proceedings. This finding is particularly true in light of the circumstances of Bolden's guilty plea, which was made pursuant to an agreement under Rule 11(c)(1)(C). Ultimately, Bolden assented in open court to the length of the very sentence to which he now challenges. Accordingly, the Court refuses to vacate, set aside, or correct Bolden's bargained-for sentence.

New Orleans, Louisiana, this 26th day of June 2017.

**KURT D. ENGELHARDT**
**United States District Judge**

---

[1] These allegations are listed as grounds one through four in the Motion. Some of these things, counsel may have done had Bolden proceeded to trial, which Bolden chose not to do. As to the others, counsel likely made a strategic decision not to raise at sentencing.